IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACOB WILDS,

    Plaintiff,

v.                              Civil Action No. 5:05CV5
                                      (STAMP)

CAMPBELL TRANSPORTATION
COMPANY, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
TRANSFERRING CASE SUA SPONTE TO THE
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

On May 5, 2005, this Court entered a memorandum opinion and order transferring jurisdiction of a related action, In the Matter of Campbell Transportation Company, Inc., Civil Action No. 5:05CV29, to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). On May 11, 2005, this Court notified the parties in this action that this Court was considering a transfer of this action sua sponte to the Western District of Pennsylvania on the same grounds. The parties were directed to file memoranda in support of or in opposition to such transfer by May 27, 2005. Campbell Transportation Company, Inc. filed a memorandum in support of transfer. To date, the plaintiff has not responded.

Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims states in pertinent part:

> For the convenience of the parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall

> dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed. R. Civ. P., Supp. R. Admiralty and Maritime Claims F(9).

Title 28, United States Code, Section 1404(a) provides a federal court with the discretion to transfer a case to another district in which it could have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice . . ." 28 U.S.C. § 1404(a) (2000). This rule is intended to allow a court to transfer venue in order to "make trial of a case easy, expeditious, and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

The decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956), cert. denied, 352 U.S. 953 (1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Alpha Welding & Fabricating Co. v. Heller, 837 F. Supp. 172, 175 (S.D. W. Va. 1993). The movant typically bears the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's

choice of forum should rarely be disturbed." <u>Gulf Oil</u>, 330 U.S. at 508.

In the related action, Civil Action No. 5:05CV29, this Court found after weighing the factors articulated in <u>Alpha Welding</u> that balance is strongly in favor of a transfer of this action to the United States District Court for the Western District of Pennsylvania. The facts and circumstances of this action are essentially identical. For this reason, this Court finds that a <u>sua sponte</u> transfer of this action is warranted. Accordingly, this case is hereby TRANSFERRED to the United States District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and the United States District Court for the Western District of Pennsylvania.

DATED: June 7, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE